1   Conor J. Dale (SBN 274123)
    Atticus Lee (SBN 298002)
2   JACKSON LEWIS P.C.
    50 California Street, 9th Floor
3   San Francisco, California 94111-4615
    Telephone: (415) 394-5405
4   Facsimile: (415) 394-9401
    E-mail:  Conor.Dale@jacksonlewis.com
5   E-mail:  Atticus.Lee@jacksonlewis.com

6   John K. Bennett (Admitted Pro Hac Vice)
    JACKSON LEWIS P.C.
7   200 Connell Drive, Suite 2000
    Berkeley Heights, New Jersey 07922
8   Telephone: (908) 795-5129
    Facsimile: (908) 464-2614
9   E-mail:  John.Bennett@jacksonlewis.com

10  Attorneys for Defendants
    WYNDHAM VACATION OWNERSHIP, INC.,
11  WYNDHAM WORLDWIDE CORPORATION,
    and DEREK MILHOLLAND

12

13                 UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15

16  CHRISTOPHER LAPPING,              | Case No. 4:19-cv-07549-DMR

17            Plaintiff,              **JOINT CASE MANAGEMENT**
                                      **CONFERENCE STATEMENT**
18       v.
                                      Judge:    The Hon. Donna M. Ryu
19  WYNDHAM  VACATION  OWNERSHIP,     Department: Courtroom 4, 3rd Floor
    WYNDHAM WORLDWIDE CORPORATION,    Date:      March 4, 2020
20  DEREK MULHOLLAND, MATTHEW MURO,   Time:      1:30 P.M.
    AND DOES 1-50,
21
              Defendants.
22

23

24

25

26

27

28

                                1

Plaintiff, Christopher Lapping, and Defendants, WYNDHAM VACATION OWNERSHIP, INC., DEREK MILHOLLAND and MATTHEW MURO, (collectively, the "Parties") (Note: the Parties stipulated to the dismissal of WYNDHAM WORLDWIDE CORPORATION in this action prior to its removal to this Court), respectfully submit the following Joint Case Management Conference Statement, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Northern District Local Rule 16-9(a), the Standing Order for All Judges of the Northern District of California re: Contents of Joint Case Management Conference Statement, and the Court's Order scheduling the Initial Case Management Conference for this matter for March 4, 2020.

## I.    <u>JURISDICTION AND SERVICE</u>

Plaintiff filed a civil complaint against Defendants in the Superior Court of California, County of San Francisco, on November 19, 2018.  Defendants filed a notice of removal removing this action to the United States District Court for the Northern District of California on the basis of diversity jurisdiction on or around November 15, 2019.  This Court accordingly has jurisdiction over this lawsuit under 28 U.S.C. sections 28 U.S.C. §§ 1332(a), 1441(a), and 1446.

## II.    <u>FACTS</u>

Defendant WYNDHAM VACATION OWNERSHIP, INC. ("WVO") hired Plaintiff in 2014. Plaintiff's employment terminated in 2017. Plaintiff alleges that WVO terminated his employment in retaliation for his submitting written concerns to WVO in February 2017. Defendant WVO maintains that it terminated Plaintiff's employment for legitimate, non-retaliatory reasons, based on the results of an investigation into improper conduct in the workplace. Defendants Muro and Mulholland worked with Plaintiff during his employment with WVO.  Plaintiff alleges that Defendants WVO, Milholland and Muro fraudulently induced him to become employed by WVO. Defendants deny these allegations.

Defendant WYNDHAM WORLDWIDE CORPORATION was a corporate entity affiliated with WVO that did not employ Plaintiff.[1]  Plaintiff and Defendants accordingly previously jointly requested that WYNDHAM WORLDWIDE CORPORATION be dismissed from this lawsuit with prejudice.  (*See* case docket doc. no. 1-3 at pgs. 201-202.)  However, the lawsuit was removed to

---

[1] Wyndham Worldwide Corporation is now known as Wyndham Destinations, Inc.

1   this Court before the San Francisco Superior Court could issue an order granting this stipulated
2   request.

3   **III.   <u>LEGAL ISSUES</u>**

4   Plaintiff alleges five causes of action: (1) wrongful termination in violation of public policy
5   against WVO; (2) retaliation in violation of California Labor Code § 1102.5 against WVO; (3)
6   unfair competition in violation of California Business and Professions Code 17200 et seq. against
7   WVO; (4) fraud against all Defendants; and (5) negligent hiring, retention, and supervision against
8   WVO.

9   The elements of each of Plaintiff's legal claims and the grounds for this action are at issue.
10   Defendants have asserted numerous affirmative defenses which are also at issue.

11   **IV.   <u>MOTIONS</u>**

12   No motions are currently pending.  Defendants may file a motion for summary judgment at
13   the appropriate time.

14   **V.   <u>AMENDMENT OF PLEADINGS</u>**

15   The operative pleadings are those filed by the parties in the state court action prior to
16   removal. No amendments are anticipated at this time.

17   **VI.   <u>EVIDENCE PRESERVATION</u>**

18   The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored
19   Information ("ESI Guidelines").  Defendants have taken steps to implement evidence preservation
20   protocols. Plaintiff also has taken reasonable steps to preserve evidence potentially relevant to this
21   matter and will continue to comply with their preservation obligations.

22   **VII.   <u>DISCLOSURES</u>**

23   The Parties engaged in substantial discovery while this action was in the Superior Court of
24   California, County of San Francisco, between November 2018 and November 2019.  The Parties
25   will serve initial disclosures to facilitate their ongoing discovery efforts within 30 days of the case
26   management conference.

27   **VIII.   <u>DISCOVERY</u>**

28   The Parties have engaged in substantial discovery while this action was in state court, and

3

the Parties will continue with discovery pursuant to the Federal Rules of Civil Procedure until the close of fact discovery.

## IX.   CLASS ACTIONS

This is not a class action.

## X.   RELATED CASES

There are no cases related to this matter in the United States District Court for the Northern District of California.  As discussed, this case was removed from the Superior Court of California, County of San Francisco Case No. CGC-18-571411.

## XI.   RELIEF

In his complaint, Plaintiff seeks to recover economic, compensatory, and punitive damages and costs including reasonable attorney's fees.  Defendants seek judgment in their favor and an order awarding it all reasonable attorney's fees and costs incurred in the defense of this action, along with all other relief that the Court deems just and proper.

## XII.   SETTLEMENT AND ADR

The Parties have met and conferred, and request that the Court order the Parties to attend a mandatory settlement conference with a U.S. Magistrate Judge after the close of fact discovery.

## XIII.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties have consented to proceed before U.S. Magistrate Judge Donna M. Ryu.

## XIV.   OTHER REFERENCES

The Parties agree that at this time this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.   NARROWING OF ISSUES

The Parties agree that there is no narrowing of issues at this time.

## XVI.   EXPEDITED TRIAL PROCEDURE

The Parties are not aware of any means to expedite or streamline the process at this time.

## XVII.     SCHEDULING

The Parties propose the following schedule:

| Deadlines | Dates |
|---|---|
| Initial Disclosures (Rule 26(f)) | Within 30 days of the case management conference to facilitate the ongoing discovery process |
| Non-Expert Discovery Cut-Off | June 5, 2020 |
| Dispositive Motions Filing Deadline | July 3, 2020 |
| Deadline to attend the mandatory settlement conference | September 18, 2020 |
| Expert Disclosure | October 2, 2020 |
| Rebuttal Expert Disclosures | October 16, 2020 |
| Expert Discovery Cut-Off | November 13, 2020 |
| Final Pretrial Conference | January 6, 2021 |
| Trial | February 1, 2021 |

## XVIII.     TRIAL

The Parties estimate that trial can be completed in approximately five (5) trial days.

## XIX.     DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Defendants have filed a certification regarding non-party interested entities.

## XX.     PROFESSIONAL CONDUCT

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

//

//

## XXI.   OTHER MATTERS

Pursuant to their previously executed stipulation (*see* case docket doc. no. 1-3 at pgs. 201-202), the Parties request that the Court enter the parties' stipulated dismissal of WYNDHAM WORLDWIDE CORPORATION from this case with prejudice.

Dated: February 26, 2020                    JACKSON LEWIS P.C.

By:    */s/Conor J. Dale*
Conor J. Dale
Atticus Lee
Attorneys for Defendants
WYNDHAM VACATION OWNERSHIP, INC. and DEREK MILHOLLAND

Dated: February 26, 2020                    KAUFMAN DOLOWICH VOLUCK

By:    */s/Katherine S. Catlos*
Katherine S. Catlos
Attorneys for Defendant
MATTHEW MURO

Dated: February 26, 2020                    BRYANT LAW GROUP

By:    */s/Edward M. Higginbotham*
Edward M. Higginbotham
Attorneys for Plaintiff
CHRISTOPHER LAPPING

Pursuant to Northern District of California Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the signatories to this document.

*/S/Conor J. Dale*

4819-2835-7814, v. 1