1

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6

7    CHRISTOPHER LAPPING,                    Case No.  19-cv-07549-DMR

8                    Plaintiff,

9          v.                               **ORDER ON DEFENDANT MURO'S MOTION FOR SUMMARY JUDGMENT**

10   WYDHAM VACATION OWNERSHIP,
     INC., et al.,                          Re: Dkt. No. 31

11
                     Defendants.
12

13          On November 19, 2018, Plaintiff Christopher Lapping filed this action in San Francisco

14   Superior Court, alleging state law claims against Defendants Wyndham Vacation Ownership

15   ("WVO"), Wyndham Worldwide Corporation, Derek Milholland, and Matthew Muro.  [Docket No.

16   1-1 ("Compl.").]  Lapping's claims arise from his employment with and termination by WVO.  On

17   March 4, 2020, the court dismissed Wyndham Worldwide Corporation pursuant to agreement of the

18   parties.  [Docket No. 20.]  Muro now moves for summary judgment.  [Docket Nos. 31 ("Mot."), 43

19   ("Reply").]  Lapping opposes.  [Docket No. 41 ("Opp.").]  This matter is appropriate for

20   determination without oral argument.  Civil L.R. 7-1(b).

21          For the reasons stated below, Muro's motion is granted.

22   **I.     FACTUAL BACKGROUND**

23          The following facts are limited to those that are relevant to Lapping's claim against Muro.

24   The facts are undisputed except where otherwise noted.[1]  Where indicated, the complaint is cited to

25   provide background information.

26

27   _____

28   [1] Lapping failed to file evidence in opposition to Muro's motion and instead inappropriately cites to
     the evidence he filed in opposition to Defendant WVO and Milholland's separate motion for
     summary judgment as well as the evidence those Defendants filed.

United States District Court
Northern District of California

United States District Court
Northern District of California

### A.      Lapping's Employment

WVO owns or operates approximately 180 vacation resorts and sells timeshares for its resorts from offices located throughout the United States.  Compl. ¶ 4.  In March 2014, Lapping began working for WVO as a sales representative at the company's Kona, Hawaii location.  [Docket No. 40-1, Declaration of Christopher Lapping ("Lapping Decl.") ¶ 6.]  Upon Lapping's request, he was transferred to WVO's Canterbury location in San Francisco around January 2016.  *Id.* ¶ 7.  On April 8, 2016, Lapping was promoted to front line sales manager at the Canterbury.  Lapping Decl. ¶ 8; Docket No. 34-2, Deposition of Christopher Lapping, Volume 2 ("Lapping Depo., Vol. 2") at 22:13-18.  In early July 2016, Lapping's manager Jason Cooksey asked Lapping to transfer to WVO's Donatello property, also located in San Francisco.[2]  Lapping Decl. ¶ 9.  When Lapping transferred to the Donatello, Muro became his supervisor.  Compl. ¶ 5.  According to Lapping, Muro informed Lapping that he would "groom [Lapping] into becoming a leader and a site director . . . ."  Lapping Decl. ¶ 10.  Lapping avers that he "relied on this promise as it related to job security."  *Id.*  To Lapping, his first few months at the Donatello seemed to go well, and the team exceeded its sales budget.  *Id.* ¶ 11.  Things began to change around October 2016, when two new employees were hired.  *Id.*  The new employees' sales numbers were "not great," and according to Lapping, Muro "did everything he could to get them to quit."  *Id.*  Lapping also noticed that Muro was constantly gambling on his phone.  *Id.* ¶ 12.  More than once, he heard Muro tell sales representative Cameron Maxwell to "do whatever it takes to make a sale," including "lie, cheat and steal."  *Id.* ¶¶ 17, 22[3].  According to Lapping, Muro "would often brag that he had human resources in his back pocket and . . . that he could do what he wanted."  *Id.* ¶ 15.  Around the same time, Muro banned Lapping from working at the owners' tables.  *Id.* ¶ 12.  Lapping heard from some sales representatives that Muro was "out to ruin [his] career."  *Id.* ¶ 16.  Lapping represents that Muro's management of the Donatello and professed intention to ruin his career made him feel stressed and fearful of losing his

---

[2] Lapping's declaration states that Milholland asked Lapping to transfer.  Lapping Decl. ¶ 9.  The complaint says that he transferred at Cooksey's request.  Compl. ¶ 10.  The apparent discrepancy is not material to this motion.

[3] Paragraphs 21-25 in Lapping's declaration are erroneously numbered 14-18.  To avoid ambiguity, the court cites the paragraph numbers as they should appear.

job. *Id.* ¶ 18.

### B.     Lapping's Complaint and Termination

On February 13, 2017 at 7:02 p.m. PST, Lapping sent an email to HR complaining about the "unfair practices I witnessed" and about Muro's "fraudulent practices."   Lapping Decl. ¶ 20. Lapping represents that he did not know at the time that he was under investigation because of complaints filed by other employees at the Donatello, including Niloufer Bassa.  *Id.* ¶ 21.  On March 22, 2017, Lapping received notice from WVO Human Resources ("HR") representative Kaui Crivello informing him that he had been terminated.  *Id.* ¶ 23.

Lapping brings one claim against Muro for fraud.

## II.     LEGAL STANDARD FOR SUMMARY JUDGMENT

A court shall grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the court must view the evidence in the light most favorable to the non-movant.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).  A genuine factual issue exists if, taking into account the burdens of production and proof that would be required at trial, sufficient evidence favors the non-movant such that a reasonable jury could return a verdict in that party's favor.  *Id.* at 248.  The court may not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact.  *See id.* at 249.

To defeat summary judgment once the moving part has met its burden, the nonmoving party may not simply rely on the pleadings, but must produce significant probative evidence, by affidavit or as otherwise provided by Federal Rule of Civil Procedure 56, supporting the claim that a genuine issue of material fact exists.  *TW Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  In other words, there must exist more than "a scintilla of evidence" to support the non-moving party's claims, *Anderson*, 477 U.S. at 252; conclusory assertions will not suffice. *See Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).  Similarly, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts" when

ruling on the motion. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.  DISCUSSION

The elements of a fraud claim are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Sup. Ct.*, 12 Cal. 4th 631, 638 (1996). Muro moves for summary judgment on the basis that Lapping cannot prove any of these elements. Muro also argues that Lapping's claim for punitive damages fails and his fraud claim is barred by the state workers' compensation system. Finally, Muro argues that Lapping's fraud theory as against him was raised for the first time at summary judgment since the fraud allegations in the complaint do not relate to statements made by Muro. Because the court finds that Lapping fails to offer evidence that Muro made any misrepresentation, it need not reach Muro's remaining arguments.

Lapping's entire claim against Muro rests on a single statement: according to Lapping, Muro promised that he would "groom [him] into becoming a leader and a site director." Lapping Decl. ¶ 10. Muro confirmed at his deposition that he told Lapping "I was going to help him try to grow his career." [Docket No. 40-2, Declaration of Edward Higginbotham, Ex. 8 ("Higginbotham Decl.").] Lapping asserts that Muro actually "had no intention of fulfilling his promise" and instead "took affirmative steps to harm [Lapping's] career at WVO." Opp. at 7, 8. Lapping claims that when Muro "saw that [Lapping's] work exceeded expectations he became intent on sullying Plaintiff's reputation to management and divert attention from his own deceptive practices," *id.*, such as by "saying information or directives were mine rather than his." Lapping Decl. ¶ 10.

In California, "a representation ordinarily will give rise to a cause of action for fraud or deceit only if it is a representation of fact rather than opinion." *Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Assn.*, 205 Cal. App. 3d 1415, 1423 (1988). In other words, "an actionable misrepresentation must be made as to past or existing facts," *Borba v. Thomas*, 70 Cal. App. 3d 144, 152 (1977), whereas "predictions of future events are ordinarily considered non-actionable expressions of opinion." *Richard P. v. Vista Del Mar Child Care Serv.*, 106 Cal. App. 3d 860, 865 (1980). "Vague statements of optimism" are not capable of objective verification and therefore cannot be considered factual. *See Oregon Pub. Employees Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d

United States District Court
Northern District of California

598, 606 (9th Cir. 2014); *see also Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1276 (9th Cir. 2017) (finding that aspirational statements express desires that cannot be objectively verified).[4]  Muro's statement that he would "groom [Lapping] into becoming a leader and a site director" at most expresses a desire or prediction about future events, not a representation as to a verifiable fact.  *See* Lapping Decl. ¶ 10.

Accordingly, there is no evidence that Muro made any factual misrepresentations to Lapping and he is entitled to summary judgment on this claim.

## IV.   CONCLUSION

For the reasons stated above, Muro's motion for summary judgment is granted.  The clerk shall enter judgment for Muro and against Lapping.

**IT IS SO ORDERED.**

Dated: September 28, 2020



Judge Donna M. Ryu
United States Magistrate Judge

---

[4] Because "the law on securities fraud is derived from common-law fraud," the analysis in federal securities actions is informative to common law fraud issues such as fact versus opinion.  *See id.* at 605.